# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carl Richardson Jr.

**DEFENDANTS**
Earl T. Wadhams, Inc. & Craig Wiseman

**(b)** County of Residence of First Listed Plaintiff: Bergen County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Ontario County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander C. Hyder, Esq. - Morgan & Morgan
2005 Market Street, Suite 350
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Side-swipe motor vehicle accident in PA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of the jurisdictional threshold

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/25/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __15 West Newell Avenue, Rutherford, NJ 07070__

Address of Defendant: __369 Bostwick Road, Phelps, NY 14532__

Place of Accident, Incident or Transaction: __Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/25/2022__   __[signature]__   __320939__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Alexander C. Hyder, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/25/2022__   __[signature]__   __320939__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939           *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 12083846

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL RICHARDSON JR.**<br>　　　　　　　　**Plaintiff,**<br>　　　v.<br>**EARL T. WADHAMS, INC.**<br>　　　*and*<br>**CRAIG WISEMAN**<br>　　　　　　　　**Defendants.** | **Case No.:**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION

### MOTOR VEHICLE ACCIDENT

Plaintiff, Carl Richardson Jr., by and through his undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendant, and in support thereof avers as follows:

### THE PARTIES

1. Plaintiff, Carl Richardson Jr. (hereinafter "Plaintiff") is an adult individual who resides at 15 West Newell Avenue, Rutherford, NJ 07070.

2. Defendant, Earl T. Wadhams, Inc. (hereinafter "Defendant ETW"), is an organized and existing business entity having a principal place of business at 369 Bostwick Road, Phelps, NY 14532.

3. Defendant, Craig Wiseman (hereinafter "Defendant Wiseman"), is an adult individual who resides at 539 Fernwood Street, Emmaus, PA 18049.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy is greater than $75,000.

5. Plaintiff is a citizen of State of New Jersey.

6. Defendant Wiseman is a citizen of the Commonwealth of Pennsylvania.

7. Defendant ETW maintains corporate citizenship in the State of New York by virtue of its incorporation and home office in that State.

8. This Court has personal jurisdiction over the Defendants because at all relevant times, Defendants operated a motor vehicle in the Commonwealth in Pennsylvania.

9. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

10. At all times relevant hereto, Defendant Wiseman was the operator of a Mack truck bearing NY license plate number 61998PC owned by Defendant ETW (hereinafter the "subject tractor trailer").

11. At all times relevant hereto, Defendant Wiseman was acting within the course and scope of his employment with Defendant ETW, in the furtherance of the business interests and objectives of Defendant ETW, and with the actual and/or implied authority of Defendant ETW.

12. At all times material hereto, Defendant ETW acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course

and scope of such relationship.

13. At all times material hereto, Defendant ETW established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial trucks.

14. At all times relevant hereto, Plaintiff was the operator of a 2007 Dodge automobile bearing PA license plate number LRU1984.

15. At approximately 9:33 a.m. on October 8, 2021, Plaintiff was travelling eastbound on the Pennsylvania Turnpike on the Delaware River-Turnpike Toll Bridge in Pennsylvania.

16. At the same time and place, Defendant Wiseman, while in the course and scope of his employment with Defendant ETW, was travelling eastbound on the Pennsylvania Turnpike on the Delaware River-Turnpike Toll Bridge and merged into the left lane without the proper clearance, violently striking Plaintiff's vehicle and thereby causing Plaintiff's personal injuries as more fully hereinafter described.

17. As a direct and proximate result of the Defendants' negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

18. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the manner set forth herein.

19. The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner, which caused Plaintiff's serious and permanent injuries.

20. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer of Defendants herein, Plaintiff was caused to sustain serious and permanent injuries including, but not limited to,

lumbar spine herniations, cervical spine herniations, back pain, neck pain, and shoulder pain, some or all of which are permanent in nature and may last into the future.

21. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

22. As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

23. As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

24. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

25. The aforementioned conduct of the Defendants foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

26. Plaintiff's injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

27. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff or any other individuals and/or entity.

28. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I

## CARL RICHARDSON JR. vs. EARL T. WADHAMS, INC.

29. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

30. At all times relevant hereto, Defendant ETW conducted business in the Commonwealth of Pennsylvania.

31. At all times relevant hereto, Defendant ETW employed, supervised, and trained the operator of the subject tractor-trailer, Defendant Wiseman.

32. The injuries, damages and losses suffered by Plaintiff, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant ETW jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a. failing to properly train their employees;

    b. failing to properly maintain their trucks, including the subject tractor-trailer;

    c. failing to properly service their trucks, including the subject tractor-trailer;

    d. failing to inspect their trucks, including the subject tractor-trailer;

    e. failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject tractor-trailer;

   f. failing to ensure the subject tractor-trailer was operated by a properly trained and licensed driver;

   g. failing to properly monitor driver performance;

   h. promoting and encouraging drivers to rush at the expense of safety;

   i. violating commercial motor vehicle regulations; and

   j. failing to use due care under the circumstances;

33. The conduct of Defendant ETW caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiff described at length herein.

34. As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of Defendant ETW Plaintiff sustained severe and permanent injuries and damages, as previously described.

35. Defendant ETW knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

36. The conduct of Defendant ETW rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

37. Defendant ETW acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

38. Defendant ETW is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT II

## CARL RICHARDSON JR. v. EARL T. WADHAMS, INC., as being vicariously liable for CRAIG WISEMAN

39. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

40. At all times relevant hereto, Defendant Wiseman was an employee, agent, ostensible agent, servant, and/or worker of Defendant ETW.

41. At the time of the accident, Defendant Wiseman was acting within the course and scope of his employment and/or agency with Defendant ETW.

42. Defendant ETW is vicariously liable as the employer and/or principal of Defendant Wiseman for the injuries, resulting losses and expenses of Plaintiff for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

43. Defendant ETW owed a duty to Plaintiff to ensure their employees were properly supervised, monitored, trained, and/or qualified.

44. Defendant ETW owed a duty to Plaintiff to establish and enforce safety policies and procedures addressing safety.

45. The conduct of Defendant ETW caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiff described at length herein.

46. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant ETW Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

47. Defendant ETW is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT III

## CARL RICHARDSON JR. v. CRAIG WISEMAN

48. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

49. At all times relevant hereto, Defendant Wiseman was an employee, agent, ostensible agent, servant, and/or worker of Defendant ETW.

50. At the time of the accident, Defendant Wiseman was acting within the course and scope of his employment and/or agency with Defendant ETW.

51. The negligence, carelessness, and recklessness of Defendant Wiseman consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of the subject tractor-trailer so as to avoid crashing into the Plaintiff;

   b. Merging lanes without the proper clearance while operating the subject truck;

   c. Failing to pay proper attention while operating the subject tractor-trailer;

d. Failing to notice slowing vehicles due to traffic while operating the subject truck;

e. Operating the subject tractor-trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

f. Failing to have the subject tractor-trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g. Failing to remain alert;

h. Failing to operate the subject tractor-trailer in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;

i. Failing to make necessary and reasonable observations while operating the subject tractor-trailer;

j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

k. Failing to timely and properly apply his brakes;

l. Violating both the written and unwritten policies, rules, guidelines, and regulations of ETW and/or the Commonwealth of Pennsylvania;

m. Failing to maintain an assured clear distance;

n. Failing to apprise himself of and/or abide by the FMCSR;

o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p. Failing to properly inspect his truck in violation of the FMCSR;

q. Consciously choosing to drive the subject tractor-trailer at a high rate of

speed for the location and circumstances; and

r. Acting with a conscious disregard for the rights and safety of the Plaintiff;

52. For the reasons set forth above, Defendant Wiseman's operation of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff.

53. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Wiseman, Plaintiff sustained severe and permanent injuries and damages, as previously described.

54. The conduct of Defendant Wiseman rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm and damages as set forth herein.

55. Defendant Wiseman acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiff.

56. This and other misconduct of Defendant Wiseman constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

MORGAN & MORGAN

BY: _____
Alexander C. Hyder, Esquire
*Trial Counsel for Plaintiff*

DATE: 05/25/2022

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939                              *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 12083846

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CARL RICHARDSON JR.** <br>                   **Plaintiff,** <br> v. <br> **EARL T. WADHAMS, INC.** <br> *and* <br> **CRAIG WISEMAN** <br>                   **Defendants.** | **Case No.:** <br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

**NOTICE OF PRESERVATION OF EVIDENCE**

    PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

                                                               **MORGAN & MORGAN**

                                                                _____
                                                                ALEXANDER C. HYDER, ESQUIRE

Date:  05/25/2022                                                 *Trial Counsel for Plaintiff*

**VERIFICATION**

    I, CARL RICHARDSON JR., hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

    I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.

_____
*(signature)*

DATE: 05/25/2022